**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1319
_____

TIMOTHY BURNS; ESG CAPITAL PARTNERS GP LLC; ESG CAPITAL
PARTNERS GP INC,
Appellants

v.

TROY STRATOS, AKA Ken Dennis; VENABLE LLP; SOUMAYA SECURITIES
LLC; DAVID MEYER
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-14-cv-02134)
U.S. District Judge: Honorable Eduardo S. Robreno
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 16, 2023
_____

Before: SHWARTZ, MONTGOMERY-REEVES, and ROTH, <u>Circuit Judges</u>.

(Filed: June 15, 2023)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, <u>Circuit Judge</u>.

Plaintiffs Timothy Burns, ESG Capital Partners GP LLC ("GP I"), and ESG Capital Partners GP Inc ("GP II") appeal the District Court's order dismissing their complaint against Defendants Venable LLP ("Venable") and its former partner David Meyer. Because Plaintiffs fail to state any claim upon which relief can be granted, we will affirm.

I

A

Burns was an investment advisor based in Pennsylvania. Around 2011, his clients sought to purchase pre-IPO shares of Facebook, Inc. To facilitate the transaction, Burns created a Delaware limited partnership, ESG Capital Partners, LP ("ESG I"), which is not a party here.[1] ESG I was capitalized with approximately $13 million invested by Burns' clients. Each client signed an agreement whereby they (1) became a limited partner in ESG I, and (2) agreed to pay Plaintiffs commissions and fees upon receipt of the Facebook shares. GP I, a Delaware limited liability company with a principal place of

---

[1] Burns also created a second Delaware limited partnership, ESG Capital Partners II, LP ("ESG II"). Plaintiff GP II was the general partner of ESG II. According to a guilty plea memorandum on the public docket of a criminal case involving Burns, of which we may take judicial notice, <u>Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993), ESG II never paid Defendants any money, <u>United States v. Timothy Burns</u>, ECF No. 29, No. 13-cr-00253 (E.D. Pa. June 25, 2013), and, thus, ESG II, along with its general partner, GP II, did not suffer any injury from Defendants' alleged scheme. Therefore, GP II lacks any basis for relief.

business in Pennsylvania, was the general partner of ESG I, and Burns was the sole manager of GP I.

When the initial efforts to buy the Facebook shares fell through, Burns agreed, on behalf of ESG I, to purchase forty million shares through Troy Stratos. Meyer and his law firm, Venable, represented Stratos during the transaction. Plaintiffs allege that Meyer (1) helped Stratos create a shell company, Soumaya Securities ("Soumaya"), that was used only to collect the money for the Facebook shares, (2) represented to Burns that Stratos' offer of Facebook shares was legitimate, and (3) facilitated the payment of money into accounts held by Soumaya and Stratos.

Between April and August 2011, Burns, on behalf of ESG I, made three payments to Stratos and Soumaya. First, Burns wired $2.8 million dollars from ESG I to Venable's client trust account which Meyer, at Burns' request, transferred to Stratos' personal account. Next, Stratos told Burns that he needed another $7.2 million to facilitate the deal, which Burns wired from ESG I to a Bank of America account held by Soumaya. Finally, Stratos approached Burns and told him the deal was "on the verge of closing," App. 375, but that he needed another $1.25 million, and so Burns sent the additional money from ESG I to a UBS account held by Soumaya. Stratos absconded with the money, and the transaction was never completed.

B

In 2013, Burns filed suit in Pennsylvania state court against Meyer, Venable, and Stratos, arguing that he was entitled to approximately $60 million in commissions and management fees he would have received from his clients if the transaction had occurred.

3

He alleged fraud, conversion, conspiracy, and unfair competition against all defendants, negligent misrepresentation, breach of fiduciary duty, and aiding and abetting against Meyer and Venable, and breach of contract against Stratos. Venable removed the case to the United States District Court for the Eastern District of Pennsylvania, which dismissed all claims against Venable and Meyer. Burns v. Stratos, No. 14-cv-02134, 2017 WL 6402997, at *1 n.1 (E.D. Pa. Sept. 25, 2017). We vacated the District Court's order, holding that the Court had abused its discretion in denying Burns' request to amend his complaint. Burns v. Stratos, 833 F. App'x 509, 514 (3d Cir. 2020) (per curiam).

On remand, Burns filed an amended complaint which included GP I and GP II as plaintiffs, omitted the conversion claim, added an allegation that Burns invested $90,000 of his own money into ESG I, and again sought the commissions and management fees. The District Court dismissed Plaintiffs' claims against Venable and Meyer, holding that (1) the commissions and fees were not recoverable under either Pennsylvania or California law, and (2) Burns' personal investment did not give him a basis for damages because (a) he previously admitted that he made his investment after the alleged fraudulent scheme was completed, (b) even if he had invested his money before the end of the scheme, he could not bring a derivative claim on behalf of ESG I because it had already brought, and settled, its claims against Venable and Meyer in California, and (c)

4

Burns did not have standing to bring a direct claim because he did not suffer any injury independent of ESG I.[2] Burns v. Stratos, 581 F. Supp. 3d 687, 695-99 (E.D. Pa. 2022).

Plaintiffs appeal.

## II[3]

### A[4]

We first address Plaintiffs' fraud and negligent misrepresentation claims. To plead fraud and negligent misrepresentation under both Pennsylvania and California law, a plaintiff must allege that it justifiably, or reasonably, relied on the defendant's misrepresentation. Gibbs v. Ernst, 647 A.2d 882, 889 (Pa. 1994) (fraud); Lazar v. Superior Ct., 909 P.2d 981, 985 (Cal. 1996) (fraud); Bortz v. Noon, 729 A.2d 555, 561

---

[2] The District Court also dismissed all the claims against Stratos except for the breach of contract claim, Burns v. Stratos, 581 F. Supp. 3d 687, 700 (E.D. Pa. 2022), which Plaintiffs later voluntarily dismissed.

[3] The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review of a district court's order granting a motion to dismiss for failure to state a claim, Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011), and must determine whether the complaint, construed "in the light most favorable to the plaintiff," Santomenno ex rel. John Hancock Tr. v. John Hancock Life Ins. Co., 768 F.3d 284, 290 (3d Cir. 2014) (citation and quotation marks omitted), "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). With regard to the claims that sound in fraud, Plaintiffs must satisfy the heightened pleading standards of Federal Rule of Civil Procedure 9(b). Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007).

[4] While a federal court sitting in diversity applies the choice-of-law rules of the forum state—in this case, Pennsylvania, Hammersmith v. TIG Ins. Co., 480 F.3d 220, 226 (3d Cir. 2007) (citing Klaxon v. Stentor Elec. Mfg. Co., 313 U.S. 487 (1941))—we need not resolve whether Pennsylvania or California law applies because Plaintiffs' claims fail under both states' laws, id. at 230.

5

(Pa. 1999) (negligent misrepresentation); Fox v. Pollack, 226 Cal. Rptr. 532, 537 (Cal. Ct. App. 1986) (negligent misrepresentation).

Here, there is nothing in the amended complaint to indicate that GP I itself relied on Defendants' allegedly fraudulent representations as there is no allegation GP I acted on any of Defendants' representations.[5]  Furthermore, while Burns initiated the money transfers to Defendants on three occasions, he did so on behalf of the partnership, ESG I, not as an individual, because the money he transferred belonged to ESG I.

Moreover, Burns' personal reliance on Defendants' representations at the time he made the transfers of ESG I's funds is irrelevant as he was acting for ESG I, and ESG I was the one injured by the representations, not Burns.  Boehm v. Riversource Life Ins. Co., 117 A.3d 308, 324 (Pa. Super. Ct. 2015) (explaining that to prove common law fraud, a plaintiff must show "justifiable reliance by the party defrauded . . . and . . . damage to the party defrauded as a proximate result" (citation omitted)); Epic Commc'ns, Inc. v. Richwave Tech., Inc., 101 Cal. Rptr. 3d 572, 589 (Cal. Ct. App. 2009) ("[A]n agent ordinarily [does not] have a cause of action based upon some third person's violation of its principal's rights.").

---

[5] To the extent GP I argues it entered its agreements with ESG I's limited partners in reliance on Defendants' representations, that argument fails because ESG I was created, and GP I entered into its agreements with its limited partners, before Defendants made any of their representations.  Furthermore, to the extent GP I, in its role as the general partner of ESG I, seeks to bring a claim on behalf of ESG I, its claim would be precluded by the lawsuit ESG I brought, and settled, against Defendants in California, ESG Cap. Partners, LP v. Stratos, ECF No. 242, No. 13-cv-01639 (C.D. Cal. Jan. 3, 2017).  See Restatement (Second) of Judgments § 60, cmt. e ("The rules of merger and bar apply to the partnership claim, so that another partner may not subsequently maintain an action on it.").

6

Burns' alleged $90,000 investment in ESG I is also insufficient to provide a basis for relief. It would not have been reasonable for him to rely on Defendants' representations that were made before he invested his own money because Burns made his investment after he became aware of Defendants' suspicious behavior, had reported them to the authorities, and Venable and Meyers were no longer involved in any of the activity. Toy v. Metro. Life Ins. Co., 928 A.2d 186, 207 (Pa. 2007) (explaining that a plaintiff cannot justifiably rely on a misrepresentation it knows to be false); All. Mortg. Co. v. Rothwell, 900 P.2d 601, 609 (Cal. 1995) (explaining a plaintiff cannot recover when its reliance is "manifestly unreasonable"). Furthermore, although Burns asserts in his brief that he used his $90,000 investment to purchase his clients' limited partnership interests in ESG I, including their claims against Defendants, these allegations are not set forth in the amended complaint.[6] Because a party may not amend its complaint through its brief, Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988), these assertions play no role in our analysis.[7]

---

[6] The District Court did not abuse its discretion in declining to grant Plaintiffs a second chance to amend. City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp., 908 F.3d 872, 878 (3d Cir. 2018). We previously provided Burns the opportunity to amend and specifically noted Burns' suggestion that he could allege facts to support the conclusion that he suffered "a personal loss." Burns, 833 F. App'x at 514. Thus, he has had an opportunity to plead facts sufficient to support his individual claims.

[7] Moreover, these claims are derivative claims belonging to ESG I. Because ESG I already litigated and resolved its claims in California, these claims are barred by res judicata. Schrage v. Schrage, 284 Cal Rptr.3d 279, 300 (Cal. Ct. App. 2021); Ratner v. Iron Stone Real Estate Fund I, LP, 212 A.3d 70, 76-77 (Pa. Super. Ct. 2019).

Thus, Plaintiffs have not sufficiently alleged fraud and negligent misrepresentation under Pennsylvania or California law.[8]

B

Plaintiffs' remaining claims also fail. First, because Plaintiffs have not adequately alleged Defendants owed them a fiduciary duty, they cannot state a breach of fiduciary duty claim. Snyder v. Crusader Servicing Corp., 231 A.3d 20, 31 (Pa. Super. Ct. 2020)

---

[8] Plaintiffs' fraud and negligent misrepresentation claims also fail under California law because they cannot receive the commissions and fees they seek as a remedy for those claims. The commissions and fees are "benefit-of-the-bargain" damages, see ATACS Corp. v. Trans World Commc'ns, Inc., 155 F.3d 659, 669 (3d Cir. 1998) (describing "benefit of the bargain" damages as "designed to place the aggrieved in as good a position as would have occurred had the [action] been performed"), and California law permits recovery of such expectation damages on such claims only when there is a fiduciary relationship between the parties, Rothwell, 900 P.2d at 609-10; Fragale v. Faulkner, 1 Cal. Rptr. 3d 616, 622 (Cal. Ct. App. 2003). Although Burns initiated the transfer of money from ESG I to Venable's client trust account, **App. 362,** and Venable held this money for a period of time before transferring the funds to Stratos at Burns' request, this did not establish an escrow for Burns, or otherwise fiduciary relationship between Plaintiffs and Defendants because the money Venable held belonged to ESG I. See Summit Fin. Holdings, Ltd. v. Cont'l Laws. Title Co., 41 P.3d 548, 545-46 (Cal. 2002) ("An escrow holder is an agent and fiduciary of the parties to the escrow." (citation omitted)); 2 Cal. Real Est. § 6.18 (4th ed. 2022) ("Under ordinary circumstances, an escrow holder owes duties only to the parties to the escrow, not to third parties."). As such, the allegations in the amended complaint are insufficient to entitle Plaintiffs to relief on their fraud and negligent misrepresentation claims under California law.

Pennsylvania law disallows "benefit-of-the-bargain" damages for fraud claims no matter the parties' relationship. Peters v. Stroudsburg Tr. Co., 35 A.2d 341, 343 (Pa. 1944); see also Tunis Bros. Co. v. Ford Motor Co., 952 F.2d 715, 735 (3d Cir. 1991) ("[U]nder Pennsylvania law, in an action based on fraud, the measure of damages is 'actual loss,' . . . and not the benefit, or value, of that bargain." (quoting Delahanty v. First Pa. Bank, N.A., 464 A.2d 1243, 1257 (Pa. Super. Ct. 1983)). As to the negligent misrepresentation claim, we have predicted that the Pennsylvania Supreme Court would allow a plaintiff to recover "benefit-of-the-bargain" damages as long as such damages do not "stem from [the] plaintiff's contract with the defendant." Brand Mktg. Grp. LLC v. Intertek Testing Servs., N.A., Inc., 801 F.3d 347, 357 (3d Cir. 2015). As stated herein, however, Plaintiffs' negligent misrepresentation claim fails on other grounds.

(stating that "a fiduciary relationship" is a prerequisite for a breach of fiduciary claim); People ex rel. Harris v. Rizzo, 154 Cal. Rptr. 3d 443, 469 (Cal. Ct. App. 2013) (same). Moreover, Plaintiffs cannot state a claim under California's unfair competition law because that law only allows plaintiffs to obtain injunctive relief and restitution, Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 973 P.2d 527, 539 (Cal. 1999), and, here, Plaintiffs' requested fees and commissions do not qualify as restitution because Plaintiffs did not have an ownership interest in them where they were never in Plaintiffs' possession, Korea Supply Co. v. Lockheed Martin Corp., 63 P.3d 937, 947-48 (Cal. 2003), or a vested interest in them where they were contingent upon the transfer of the Facebook shares, which never occurred, id.[9] See Cal. Bus. & Prof. Code § 17203. Lastly, Plaintiffs' conspiracy and aiding and abetting claims fail because the substantive claims upon which they are based are meritless. Boyanowski v. Cap. Area Intermediate Unit, 215 F.3d 396, 405 (3d Cir. 2000); Marion v. Bryn Mawr Tr. Co., 288 A.3d 76, 81 n.3 (Pa. 2023) (holding that proof of a tort is needed for a defendant to be liable for aiding and abetting the tort); Okun v. Superior Ct., 629 P.2d 1369, 1376 (Cal. 1981) ("A complaint for civil conspiracy states a cause of action only when it alleges the commission of a civil wrong that causes damage."); Nasrawi v. Buck Consultants LLC, 179 Cal. Rptr. 3d 813, 825 n.7 (Cal. Ct. App. 2014) ("[T]here can be no aiding and abetting liability absent the commission of an underlying tort.").

Thus, the District Court properly dismissed Plaintiffs' complaint.

---

[9] Plaintiffs do not seek relief under Pennsylvania's analogous statute.

## III

For the foregoing reasons, we will affirm.